841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Martha G. THOMASKO, Plaintiff-Appellant,
v.
UNIVERSITY OF SOUTH CAROLINA; Coastal Carolina College,
Defendant-Appellee,
and
Edward M. Singleton, Vice President and Director of Coastal
Carolina College, Defendant.
 No. 87-2513.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 2, 1987.
Decided: Feb. 24, 1988.
 
 Eugene Noel Zeigler for appellant.
 Timothy Gene Quinn (Paul J. Ward; Lyn H. Hensel, on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Martha G. Thomasko appeals the district court finding of no discrimination in her suit against her former employer, Coastal Carolina College ("the College"), brought under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Act of 1972, 42 U.S.C. Sec. 2000e. She alleged that she was denied a salary equal to that paid male teachers who possessed the same qualifications and seniority. We reverse and remand for further proceedings.
 
 
 2
 This is the second time this case has been before this Court. The first appeal was taken from the district court's denial of appellant's claims of discrimination with regard to the failure of appellees to promote and grant tenure and to her allegations of disparate treatment as to pay. This Court upheld the district court's ruling on promotion and granting of tenure but vacated the order regarding disparate treatment as to pay.[1] On remand, the district court found no discrimination as to pay.
 
 
 3
 The district court concluded that Thomasko had made out a prima facie case of sex discrimination based upon evidence that the average salary for faculty males was higher at all faculty levels than the average salary for females during the 1976-1977 school year as well as evidence that appellant was paid less than a male faculty member, Tony Albiniak.[2] The district court concluded, however, that the College had rebutted the prima facie case by giving a gender neutral explanation for the difference in pay between appellant and Albiniak.[3]
 
 
 4
 We are not satisfied that the College's explanation adequately rebuts appellant's prima facie case. Thomasko was paid less than any male in the psychology department for the entire period of her employment[4] except for 1973.[5] The district court concluded as a matter of law that she could not be compared to the two other male instructors in the Psychology Department, Thomas Boyd and Wade Baird, because of their extensive administrative responsibilities which prevented an equal work comparison. However, the evidence clearly shows that Boyd and Baird were paid extra for these administrative duties and when their salaries were adjusted to reflect the amount paid strictly for teaching, they were still paid more than appellant. The inflation of salaries may explain somewhat the difference between Baird and appellant's salaries because Baird was not hired until 1976. This defense, however, cannot be used to explain Boyd's greater salary since he was hired prior to appellant.[6]
 
 
 5
 Accordingly, we remand this matter to the district court for further proceedings consistent with this opinion.[7] The district court should also consider evidence regarding damages and attorney fees.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 [1]
 Thomasko v. University of South Carolina, No. 85-1732, unpublished slip opinion (4th Cir. February 27, 1986)
 
 
 [2]
 Albiniak had joined the psychology department in 1974. He received his doctorate in 1976
 
 
 [3]
 The gender neutral explanation given by appellee was inflation of starting salaries of later hired employees
 
 
 [4]
 Appellant was employed from the latter part of 1971 through the fall of 1977
 
 
 [5]
 In 1973, appellant was paid $195 more than Thomas Boyd
 
 
 [6]
 Indeed, if we were to accept the inflation of starting salaries of later hired employees as the reason for paying Albiniak and Baird more than appellant, then appellant should have been paid more than Boyd for all the years she was employed by Coastal. This should be so even disregarding the fact that appellant has a doctorate degree while Boyd only possessed a master's degree
 
 
 [7]
 Although we do not specifically direct the district court to do so, we see no reason why the court cannot generally compare Thomasko with other Ph.Ds within the system. Certainly, all relevant evidence as to equal pay for equal work should be taken into consideration on remand